IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHE BAG, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br><br><br>vs.<br><br><br>ALLIE COMPTON, an individual,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE WHY PLAINTIFF'S ATTORNEYS HAVE NOT VIOLATED FED.R.CIV.P. 11<br><br><br><br><br>Case No. 2:09-CV-467 TS |

This matter is before the Court on Defendant's Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue. The Court agrees with Defendant that it lacks jurisdiction over her and will dismiss this action. Additionally, because Plaintiff "fail[ed] to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel,"[1] the Court will issue an order to show cause, directing Plaintiff's attorneys to show cause why they have not violated Fed.R.Civ.P. 11(b) and why they should not be sanctioned.

---

[1] Utah Supreme Court Rules of Professional Practice 3.3(a)(2).

1

## I.  BACKGROUND

Plaintiff Miche Bag, a Utah limited liability company, manufactures and distributes handbags, purses, and related products to customers in the United States.  Plaintiff is the owner of the registered trademark "MICHE" for use in connection with purses, handbags, straps for purses and handbags, and removable decorative covers for purses and handbags.

Plaintiff alleges that Defendant is selling apparently counterfeit goods on eBay.  Plaintiff asserts that those products use Plaintiff's registered trademark without authorization.  Plaintiff brought suit against Defendant on May 21, 2009.

## II.  DISCUSSION

Plaintiff's Motion asserts that the Court lacks personal jurisdiction and argues that venue is improper.  Defendant argues that the Court has personal jurisdiction over Plaintiff.  Plaintiff points to the following in support of its argument: (1) Defendant sold and shipped one of the accused products to Utah after it had been purchased by Plaintiff's counsel; (2) Defendant is interfering with Utah contracts; and (3) Defendant sold accused products via eBay.  Plaintiff also argues that venue is proper.

The Court finds that this matter is indistinguishable from *Miche Bag, LLC v. Cook*.[2]  In *Cook*, the same Plaintiff (represented by the same counsel) brought suit against another individual who had sold allegedly infringing products on eBay.  In that case, as here, the defendant, filed a motion to dismiss arguing a lack of personal jurisdiction.  In response, Miche raised the same arguments that it raises here.  This Court, through the Honorable Chief Judge Campbell, rejected those arguments and granted Defendant's Motion to Dismiss.

---

[2] 2009 WL 1707949 (D. Utah June 17, 2009).

The Court finds that the reasoning in *Cook* is equally applicable to this case. The only difference between *Cook* and the case before the Court is that Defendant actually sold an accused product in Utah in this case. This sale occurred after Plaintiff's attorney purchased the item on eBay. However, as recognized in *Cook*, the result is no different because of this sale.[3] For the same reasons set out by the Honorable Chief Judge Campbell in *Cook*, the Court will grant Defendant's Motion to Dismiss.

The Court is greatly concerned that Plaintiff, in its response to Defendant's Motion, failed to mention, let alone address, *Cook*. The Utah Supreme Court Rules of Professional Practice provide that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."[4] Those rules have been adopted by this Court.[5] Fed.R.Civ.P. 11(b)(2) provides that in presenting a pleading, an attorney certifies that to the best of the persons's knowledge, information, and belief "the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

It appears to the Court that Plaintiff's attorneys have violated their ethical responsibilities to the Court as set out in Rule 3.3. Clearly Plaintiff's counsel knew of the *Cook* decision, as it involved the same plaintiff and the same attorneys as are involved in this case. *Cook* is legal authority in this jurisdiction that is directly adverse to the position taken by Plaintiff in this case.

---

[3]*Id.* at *3, n.1 (citing *Winfield Collection, Ltd. v. McCauley*, 105 F.Supp. 2d 746, 748 (E.D. Mich. 2000)).

[4]Utah Supreme Court Rules of Professional Practice 3.3(a)(2).

[5]DUCivR 83-1.1(g).

Plaintiff's counsel failed to disclose this adverse precedent to the Court. As a result, the Court directs Plaintiff's counsel to show cause why they have not violated Rule 11(b) and why they should not be sanctioned.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED. The hearing set for September 3, 2009, is STRICKEN. It is further

ORDERED that Plaintiff's attorneys show cause why they have not violated Fed.R.Civ.P. 11 and why they should not be sanctioned. Plaintiff's attorneys shall respond to this Order in writing by August 17, 2009. The Court will set this matter for a hearing on the order to show cause on September 3, 2009, at 10:00 a.m. Defendant need not be present at that hearing.

The Clerk of the Court is directed to close this case forthwith.

DATED   July 29, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge